THOMAS, Justice.
Pam, Inc., a Florida corporation, appellee now, filed in the circuit court a bill against Pan American Room, Inc., a Florida corporation, and others who are the present appellants. The defendants moved to- dismiss the bill and when the motion was denied the defendants challenged the ruling by petition for certiorari presented to this Court under our Rule No. 34, 30 F.S.A.
Meanwhile all the parties by their attorneys stipulated that the chancellor enter an order for the operation by the plaintiff of certain property under the license involved in the litigation until further order of the chancery court or until conclusion of the suit, and that upon entry' of said order “all proceedings in the * * * cause * * * be stayed pending the determination of the petition for certiorari pending in the Supreme Court of Florida.”
In recognition of the stipulation the chancellor entered an order which contained, among other provisions, one in almost the identical language we have quoted.
The petition for certiorari was presented to this Court and denied. Pan American Room, Inc., v. Pam, Inc., Fla., 71 So.2d 926.
After that ruling the respondent, who had prevailed in the certiorari proceeding, made a motion for the assessment against the unsuccessful petitioner of the “costs, damages and expenses occasioned by reason of the stay of proceedings, including reasonable attorney’s fees incurred by said Plaintiff in connection with the application for a writ of certiorari * * * which application was denied by the Supreme Court * * * .” (Italics supplied.)
When this motion was heard, no testimony was taken but it is shown in the record that at the conclusion of a .colloquy among the chancellor and the attorneys, the chancellor announced: “All right. I will allow $500 attorneys’ fees and $100 other costs, a total of $600. That’s all.” Later the ruling was reduced to a judgment, for this amount with provision that execution issue. From the conversation between the chancellor and attorney for the respondent, it is clear that the allowance for “costs" was in truth an allowance for the travelling-expenses of the attorney who opposed on respondent’s behalf the petition for certi-orari.
There was no language in the stipulation from which it could be even inferred that the petitioner in the certiorari proceeding would be responsible for respondent’s attorneys’ services and travelling expenses in the event the respondent prevailed.
No supersedeas was given, under Supreme Court Rule 35(f), in pursuance of which the proceedings were stayed.
We find no basis in this record, the court rules, the statutes, or the decisions for the judgment entered in this’ cause requiring the appellants to pay the appellee for the services and travelling expenses of the attorneys for the latter in opposing the petition for certiorari to review the order denying the motion to dismiss the bill.
Accordingly the' judgment is
Reversed.
MATHEWS, C. J., and HOBSON and DREW, JJ., concur.